UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TCA PROPERTIES, LLC, a Nevada limited liability company; and GAS PROPERTIES, LLC, a Nevada limited liability company,

Plaintiffs,

v.

FJ MANAGEMENT, INC., a Utah corporation formerly known as Flying J. Inc.,

Defendant.

Case No. 3:14-cv-0267-LRH-WGC

ORDER

Before the court is the parties' sixth stipulation and order extending time. ECF No. 88. Also before the court are plaintiffs TCA Properties, LLC ("TCA") and Gas Properties, LLC's ("Gas") (collectively "plaintiffs") second renewed motion for partial summary judgment (ECF No. 69) and defendant FJ Management Inc.'s ("FJM") cross-motion for summary judgment (ECF No. 75).

This is a breach of contract action between plaintiffs and FJM arising from a dispute over the interpretation and application of a grading and easement contract ("Grading Agreement").[1]

The parties in this suit are the owners of three separate but adjoining parcels of undeveloped property running parallel to Interstate 80 ("I-80") on the south side of the interstate

[1] A copy of the Grading Agreement is attached as Exhibit 2 to plaintiffs' renewed motion for partial summary judgment. *See* ECF No. 51, Ex. 2.

and directly west of Robb Drive in Reno, Nevada. Defendant FJM's 40-acre parcel abuts I-80 and is adjacent to Robb Drive at the I-80 and Robb Drive interchange ("Robb Drive interchange"). FJM acquired the property in 2004 in order to build a truck stop. In 2005, FJM purchased from the State of Nevada a break in control of access and abutter's rights for the thin strip of land between the FJM property and Robb Drive. As a result of this contract, FJM gained an access easement to Robb Drive from the FJM property that included the right to develop an intersection from the property onto Robb Drive. In 2008, FJM filed bankruptcy and abandoned its plan for a truck stop. At this time, there is no developed intersection or roadway access to Robb Drive from the FJM property.

Plaintiff TCA's property directly abuts FJM's property to the west and plaintiff Gas' property directly abuts TCA's property. Both properties border I-80 but do not have access to either I-80 or Robb Drive. Rather, the only access to plaintiffs' parcels is through LeRoy Street which is not a major egress point for vehicles, but does provide both properties with access to public utilities.

In the hope of improving the value of all properties, the parties entered into the aforementioned Grading Agreement in March 2012. Pursuant to the Grading Agreement, plaintiffs agreed to move approximately 600,000 cubic yards of earth from the FJM property onto the TCA property. The removal of the overburden from the FJM property would bring that property to a surface elevation consistent with the existing Robb Drive interchange. The overburden would then be used on the TCA property to fill a large canyon that dissects the property. As a result of this mass grading all three properties would be brought to the same level and create a "super pad" that would allow for the eventual development of all the properties. In exchange for the grading of its property and an easement across plaintiffs' properties for public utilities, defendant FJM was to convey to plaintiffs a "right of way for access" across its property and the purchased abutter's rights to Robb Drive.

This suit arose in 2013 when FJM allegedly anticipatorily breached the Grading Agreement by refusing to fund and build an intersection on its property that would provide plaintiffs with improved access onto Robb Drive. On March 31, 2014, plaintiffs filed the

underlying complaint against FJM alleging five causes of action: (1) breach of contract; (2) breach of the implied covenants of good faith and fair dealing; (3) specific performance; (4) fraud in the inducement; and (5) declaratory relief. ECF No. 1., Ex. A. On August 10, 2015, plaintiffs' filed a motion for partial summary judgment on their claims for breach of contract, specific performance, and declaratory relief. ECF No. 51. In response, FJM filed a cross-motion motion for partial summary judgment on the plaintiffs' claim for declaratory relief. ECF No. 55. On March 22, 2016, the court issued an order denying plaintiffs' motion for partial summary judgment and granting FJM's cross-motion for partial summary judgment. ECF No. 63.

On August 18, 2016, plaintiffs filed a second renewed motion for summary judgment or, in the alternative, for clarification. ECF No. 69. In response, on September 19, 2016, FJM filed its own cross-motion for summary judgment. ECF No. 75. Since the filing of the parties' cross-motions, the parties have filed five (5) separate stipulations for extensions of time to file response briefs to the motions. *See* ECF Nos. 76, 78, 80, 82, 84, 86. The court granted all five stipulations extending the deadline to file responses from the fall of 2016 until March 6, 2017. *See* ECF Nos. 77, 79, 81, 83, 85, 87. In granting the last stipulation, the court specifically ordered that no further extensions shall be granted.

On March 6, 2017, the deadline for responsive briefing to the motions for summary judgment, the parties filed the present sixth stipulation for extension of time seeking an extension on the response deadline well into April 2017. ECF No. 88. In their stipulation, the parties contend that they have reached a tentative settlement, but that the settlement agreement will take more time to complete. The court recognizes the time and energy the parties have spent on reaching the settlement. But, the court also recognizes that there have been pending motions on the court's docket for over six (6) months with no response. The court finds that the appropriate action at this time is to deny the pending motions for summary judgment without prejudice. This action will allow the parties time to work on the settlement and complete all necessary documentation without the need to ask the court for additional continuances and extensions of time while at the same time clearing the court's docket of pending motions that cannot be

///

addressed. In the event the proposed settlement should break down, the court will allow refiling of the subject motions.

IT IS THEREFORE ORDERED that the parties' sixth stipulation for an extension of time (ECF No. 88) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' second renewed motion for summary judgment (ECF No. 69) and defendant's cross-motion for summary judgment (ECF No. 75) are DENIED without prejudice.

IT IS FURTHER ORDERED that in the event settlement shall not be finalized within thirty (30) days after the entry of this order, the parties shall file a joint status report disclosing their settlement progress over the preceding month and any requested further action by the court.

IT IS SO ORDERED.

DATED this 7th day of March, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE